IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DAVID EDWARD CHUTE and ) <br> KATHLEEN PATRICIA CHUTE ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MARK OLSON, et al., ) <br> ) <br> Defendants. ) | Case No. 3:12-cv-1105 <br><br> Judge Campbell <br> Magistrate Judge Bryant |

To: The Honorable Todd J. Campbell, District Judge

REPORT AND RECOMMENDATION

I. Introduction

By order entered October 26, 2012 (Docket Entry No. 7) this matter was referred to the undersigned for case management and to recommend ruling on any dispositive motion.

This action was brought *pro se* by Plaintiffs David and Kathleen Chute on October 26, 2012. (Docket Entry No. 1). The Plaintiffs amended their complaint on October 31, 2012 (Docket Entry No. 9) and again on November 8, 2013. (Docket Entry No. 18). This case arises out of a prior action in the General Sessions Court in Montgomery County, Tennessee. (Docket Entry No. 1 at 7). The Plaintiffs allege violations of their civil rights under 42 U.S.C. § 1983 (Id. at 3), that Defendants tampered with witnesses in violation of 18 U.S.C. § 1512 (Id. at 4), and criminal conspiracy under 18 U.S.C. §§ 241, 242 (Id. at 5, 6), all during the course of and as a part of the above mentioned prior action. The Plaintiffs seek a permanent injunction against the Defendants, and damages of $8,000,000.00.

Defendant Olson filed an Answer to the complaint on November 11, 2012 (Docket Entry No. 22) and a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) on December 2, 2012. (Docket Entry No. 27). Plaintiffs filed a response to Olson's motion on December 8, 2012. (Docket Entry No. 37). Defendant Odom also filed a motion to dismiss on December 3, 2013 (Docket Entry No. 28), to which Plaintiffs filed a response on December 6, 2013 (Docket Entry No. 35). For the reasons stated herein, the undersigned recommends that both Defendants' motions to dismiss be GRANTED.

## II. Factual Background

In June, 2012, Defendant Odom filed a lawsuit for harassment against the Plaintiffs in the General Sessions Court of Montgomery County, Tennessee. (Docket Entry No. 18 at ¶ 1). Defendant Olson was Odom's attorney in that matter. (Docket Entry No. 18 at ¶ 4). The trial occurred on July 24, 2012, and the court found for Odom. (Id. 18 at ¶¶ 2, 21). Immediately prior to the trial, the Chutes saw two of the witnesses that they had subpoenaed entering Defendant Olson's office. (Id. at ¶ 4). The Plaintiffs allege that this and other communication between their witnesses and Odom constitutes a violation of their due process rights (Id. at ¶ 11), and constitutes a conspiracy to jeopardize their chances at trial. (Id. at ¶ 13).

The Plaintiffs additionally allege that the trial began with the witnesses in the courtroom until Mrs. Chute asked the Court to remove them (Id. at ¶16), and that Olson committed perjury and displayed unethical behavior with "illegal intent to deceive and deprive [the Chutes] of a fair ruling," by referring to one of the witnesses that Mrs. Chute had subpoenaed as "[his] witness." (Id. at ¶¶ 17-18). The Plaintiffs further allege that during the course of this trial, Olson

continuously acted unprofessionally in an attempt to deprive the Chutes of their right to a fair ruling. (Id. at ¶¶ 21, 25).

The trial court entered a judgment of $20,000.00 and granted Odom a permanent injunction against the Chutes. (Docket Entry No. 27 at 5). The Chutes initially appealed the ruling of the General Sessions Court to the Montgomery County Circuit Court, but withdrew their appeal and the judgment of the General Sessions Court became final. (Docket Entry No. 23-1). The Chutes attest that they withdrew their appeal because "of the deceitful acts of Defendant Mark Olson and Defendant Jereme Odom." (Docket Entry No. 37 at ¶ 7).

### III. Legal Conclusions

### A. Standard of Review

In reviewing a motion to dismiss for failure to state a claim upon which relief can be granted under FED. R. CIV. P. 12(b)(6), the court must view the complaint in the light most favorable to the plaintiff, accepting all well-pleaded factual allegations as true. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Although FED. R. CIV. P. 8(a)(2) requires merely "a short and plain statement of the claim," the plaintiff must allege enough facts to make the claim plausible. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007). He must plead well enough to ensure that his complaint is more than "a formulaic recitation of the elements of a cause of action." Id. at 555. "The factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief." League of United Latin American Citizens v. Bredesen, 500 F.3d 523, 527 (6th Cir. 2007). Nevertheless, this Court need not accept legal conclusions or unwarranted factual inferences as true, Iqbal, 556

U.S. at 677-78; Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987), and a complaint containing mere legal conclusions alone will "not unlock the doors of discovery for a plaintiff." Iqbal, 556 U.S. at 678. While a pro se complaint is to be "liberally construed" and "must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardue, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)), "basic pleading essentials" must still be met. See Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989).

Defendants seek to dismiss the Plaintiff's complaint against them pursuant to Fed. R. Civ. P. 12(b)(6), for failing to state a claim upon which relief can be granted. (Docket Entry Nos. 27, 28). Specifically, Defendant Olson asserts that the § 1983 action is not properly plead, and that the Rooker-Feldman doctrine, the Younger abstention doctrine and *res judicata* preclude this Court from hearing the Plaintiff's claim. Defendant Odom asserts that the complaint fails to allege sufficient facts to support the Plaintiffs' malicious prosecution and improper use of process claims. Defendant Odom also argues that 18 U.S.C. §§ 241, 242, and 1512 are criminal statutes that do not provide for a civil remedy.

B. Analysis of Defendant Olson's Motion

1. The Rooker-Feldman, *Res Judicata*, and Younger Abstention Doctrines

The Rooker-Feldman doctrine prohibits district courts from directly reviewing state court decisions unless Congress has specifically authorized such relief. See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983). Rooker-Feldman is a narrow doctrine, confined to cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."

4

Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). "Rooker–Feldman does not otherwise override or supplant preclusion doctrine or augment the circumscribed doctrines that allow federal courts to stay or dismiss proceedings in deference to state court actions." Id.

In order to determine the applicability of Rooker-Feldman, a court must determine whether the injury alleged by the federal plaintiff resulted from the state court judgment itself or is distinct from that judgment, and thus the basis of an independent claim. Hutcherson v. Lauderdale County, Tennessee, 326 F.3d 747, 755 (6th Cir. 2003) (quoting Garry v. Geils, 82 F.3d 1362, 1365 (7th Cir. 1996)). "If the source of the injury is the state court decision, then the Rooker-Feldman doctrine would prevent the district court from asserting jurisdiction. If there is some other source of injury, such as a third party's actions, then the plaintiff asserts an independent claim." McCormick v. Braverman, 451 F.3d 382, 393 (6th Cir. 2006).

*Res judicata* bars relitigation of every issue that was actually litigated or which could have been raised with respect to a claim, when a final judgment on the merits of an action has been made. Federation Dept. Stores, Inc. v. Moitie, 452 U.S. 394, 398 (1981); Hutcherson, 326 F.3d at 758 (citing Am. Nat'l Bank & Trust Co. of Chattanooga v. Clark, 586 S.W.2d 825, 826 (Tenn.1979)). Res judicata, or claim preclusion, has four elements: (1) a final decision on the merits in the first action by a court of competent jurisdiction; (2) the second action involves the same parties, or their privies, as the first; (3) the second action raises an issue actually litigated or which should have been litigated in the first action; and (4) an identity of the causes of action. Sanders Confectionery Products, Inc. v. Heller Fin., Inc., 973 F.2d 474, 480 (6th Cir. 1992). Similar to *res judicata* is the doctrine of collateral estoppel, or issue preclusion, under which an

issue of fact or law may be precluded once a court has decided that issue in a prior case. Allen v. McCurry, 449 U.S. 90, 94 (1980). Collateral estoppel cannot apply when the party against whom the earlier decision is asserted did not have a "full and fair opportunity" to litigate that issue in the earlier case. Id. at 95 (citing Montana v. United States, 440 U.S. 147, 153 (1979))

Rooker-Feldman's applicability is considered first because its application strips federal courts of jurisdiction and the ability to hear an argument on *res judicata* or any other affirmative defense. Hutcherson, 326 F.3d at 755 (citing Garry, 82 F.3d at 1365). Here, the Plaintiffs' injuries do not necessarily arise out of the *judgment* of the state court; however, the relief requested by the Plaintiffs is nearly identical to the relief sought in the state court. The Plaintiffs request a permanent injunction against the Defendants, which the state court explicitly denied (Docket Entry No. 18 at 31). This type of relief is specifically the type that Rooker-Feldman is intended to preclude. The Plaintiffs request recovery of all costs associated with the state court case, and the requested "civil rights damages" of $8,000,000.00 stem out of "the unfairness the Plaintiffs have suffered at the hand's [sic] of the Defendants [sic] unlawful trial." Id. However, while these damages claims arise out of the original state court trial, only the permanent injunction would require the rejection of the State Court's judgment. The actual claims denominated in the complaint and the remainder of the requested relief fall outside of Rooker-Feldman's narrow reach.

Nor are the claims precluded by *res judicata* or collateral estoppel. Defendant Olson asserts that every claim brought by the Plaintiff against the Defendants could and should have been raised on appeal to the Montgomery County Circuit Court. (Docket Entry No. 27 at 10). However, the state court case and this case do not share an identity of their causes of action.

6

While the majority of the facts alleged in this case stem from the original state court lawsuit, they are not facts that were actually litigated in that matter, but pertain to the procedural history of that litigation, which was felt by Plaintiffs to be so irregular and unfair that they determined not to defend in the General Sessions court. In these circumstances, the undersigned would decline to accord res judicata effect to the underlying judgment.

Defendant Olson also invokes the <u>Younger</u> abstention doctrine as grounds for dismissal. (Docket Entry No. 27 at 9). <u>Younger</u> requires District Courts to abstain from enjoining a pending state court proceeding when the Plaintiff invokes federal jurisdiction as a basis for obtaining injunctive relief against state court proceedings. <u>Squire v. Coughlan</u>, 469 F.3d 551, 555 (6th Cir. 2006) (citing <u>Younger v. Harris</u>, 401 U.S. 37, 53-54 (1971)). The doctrine is properly invoked when three requirements are met: "(1) there must be on-going state judicial proceedings; (2) those proceedings must implicate important state interests; and (3) there must be an adequate opportunity in the state proceedings to raise constitutional challenges." <u>Id.</u> (quoting <u>Sun Ref. & Mktg. Co. v. Brennan</u>, 921 F.2d 635, 639 (6th Cir. 1990)). While the state judicial proceeding was ongoing in this case, because Plaintiffs' appeal of the General Sessions judgment to the Circuit Court was pending at the time they filed their federal complaint, <u>see</u>, <u>e.g.</u>, <u>Federal Exp. Corp. v. Tennessee Public Serv. Com'n</u>, 925 F.2d 962, 969 (6th Cir. 1991), it cannot be said that the state court litigation between these parties implicated important state interests. While Defendant Olson argues that the Chutes' "interference with a law enforcement officer" involved an important state interest (Docket Entry No. 27 at 9), the fact of the matter is that the dispute at bar has boiled over from a strictly personal dispute litigated in civil court, and simply does not implicate any larger matter vital to the state government. The Sixth Circuit has

7

stated that, "[w]hen the state is not a party, and when the underlying judicial proceeding is not a criminal action, *Younger* abstention is inappropriate absent extraordinary circumstances." Traughber v. Beauchane, 760 F.2d 673, 680 (6th Cir. 1985). No such extraordinary circumstances are present here, and thus the second Younger requirement is not met.

      2. The Claims in the Complaint against Defendant Olson

The Plaintiffs bring claims under 42 U.S.C. § 1983 and 18 U.S.C. §§ 1512, 241, and 242. Section 1512 is a criminal statute which, in relevant part, prohibits tampering with witnesses to a trial. There is no private right of action for this criminal statute. Parton v. Smoky Mountain Knife Works, Inc., 2011 WL 4036959, at *12 (E.D. Tenn. Sept. 12, 2011) recon. denied, 2012 WL 2931130 (E.D. Tenn. July 18, 2012). Likewise, §§ 241 and 242 are also criminal statutes with no private right of action. See United States v. Oguaju, 76 F. App'x 579, 581 (6th Cir. July 9, 2003). With no right of action, §§ 1512, 241, and 242 provide no remedy to the Plaintiffs.

42 U.S.C. §1983 does allow a private right of action for Plaintiffs whose constitutional or civil rights have been violated by a person or entity acting under the color of law. To state a claim under § 1983, the plaintiff must show two things: (1) that the defendant acted under color of state law, and (2) that the defendant deprived the plaintiff of a federal right, either statutory or constitutional. United of Omaha Life Ins. Co. v. Solomon, 960 F.2d 31, 33 (6th Cir. 1992) (citing Gomez v. Toledo, 446 U.S. 635, 640 (1980)).

The pleadings never suggest that either defendant acted under color of state law. In fact, the Plaintiffs admit in their Response to Defendant Olson's motion to dismiss that Defendant Olson was not acting under color of state law during this trial. Without meeting this basic burden, the Plaintiffs' claims under § 1983 can not stand.

8

Even if Olson were acting under color of state law, the Plaintiffs must allege sufficient facts that, if taken as true, show they were deprived a federal right. In this case, they attempt to allege an abuse of process resulting in a violation of their due process rights. (Docket Entry No. 18 at ¶ 29). Under Tennessee law, a plaintiff must establish two elements to recover for abuse of process: (1) the existence of an ulterior motive, and (2) an act in the use of process "other than such as would be proper in the regular prosecution of the charge." Givens v. Mullikin, 75 S.W.3d 383, 400 (Tenn. 2002). Plaintiffs allege various actions and misrepresentations on the part of Defendant Olson during and around the time of the General Sessions trial, but nothing that would plausibly demonstrate these elements of abuse of process on a scale sufficient to rise to the level of a constitutional violation. The bulk of the Plaintiffs' case centers on the fact that the Defendants spoke with two of the Plaintiffs' witnesses prior to the commencement of trial. This is not illegal or unethical; in fact, counsel's right to speak with adverse witnesses prior to trial is essential for the operation of our civil justice system. See, e.g., Int'l Bus. Machines Corp. v. Edelstein, 526 F.2d 37, 42 (2d Cir. 1975) (citing "time-honored and decision-honored principles, namely, that counsel for all parties have a right to interview an adverse party's witnesses (the witness willing) in private, without the presence or consent of opposing counsel and without a transcript being made."). The complaint fails to state a claim against Defendant Olson upon which relief can be granted.

### C. The Claims in the Complaint against Defendant Odom

Plaintiffs fail to assert any claims against defendant Odom upon which relief can be granted. While most of the Plaintiffs' claims are based upon Defendant Olson's conduct as the lawyer for defendant Odom in the state court case, Defendant Odom, along with Defendant

9

Olson, is alleged to have communicated before and during the state court trial with fact witnesses subpoenaed by Plaintiffs. As is explained above, there is nothing illegal or improper about a party speaking with a fact witness, even when the witness has been subpoenaed by an adverse party. To the extent the Plaintiffs wish to incorporate those claims to Defendant Odom, the claims must be DISMISSED for the reasons stated above.

In addition, the complaint fails to contain any facts supporting a claim that Defendant Odom was acting "under color of law" in his role as the plaintiff in the state court case giving rise to this action. Although Defendant Odom was at all relevant times employed as a Tennessee Wildlife Resources Agency officer, Plaintiffs do not allege that he filed or prosecuted the state court case in furtherance of his official duties or on behalf of his state agency employer. To the contrary, the record demonstrates that Defendant Odom (through his private attorney, Defendant Olson) filed the state court civil suit against the Chutes as a private citizen, as even Plaintiffs acknowledge (see Docket Entry No. 34 at 2), resulting in a court order restraining Plaintiffs from "coming in or about" his person, wherever he may be.

FED. R. CIV. P. 8(a)(2) requires the complaint to contain "a short and plain statement of the claim." The plaintiff must allege enough facts to make the claim plausible. <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 556 (2007). The complaint in this case lacks any statement of a claim against Defendant Odom personally, other than historical references to facts already litigated in state court.

Taking all of the Plaintiff's factual allegations in the amended complaint (Docket Entry No. 18) as true, they state no claim upon which this Court may grant relief. For the reasons stated above, the Defendants' motions to dismiss should be GRANTED.

IV. Recommendation

For the reasons stated herein, the undersigned hereby recommends that the Defendants' motions to dismiss for failure to state a claim (Docket Entry Nos. 27, 28) be GRANTED and all other pending motions in this matter be denied as moot.

Any party has fourteen (14) days from receipt of this Report and Recommendation in which to file any written objections to do with the District Court. Any party opposing said objections shall have fourteen (14) days from the receipt of any objections filed in which to file any responses to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. Thomas v. Arn, 474 U.S. 140 (1985); Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004) (en banc).

ENTERED this 19th day of August, 2013.

    s/ John S. Bryant
JOHN S. BRYANT
UNITED STATES MAGISTRATE JUDGE